UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALANTE DAJUAN DEATRICK,

        Plaintiff,

v.

UNKNOWN DALTON
UNKNOWN DAVIS
WILLIS CHAPMAN
KRISTOPHER STEECE,

        Defendants.
_____/

Case No. 1:23-cv-12942
District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 3)

**A.   Instant Motion**

At the time Plaintiff initiated this lawsuit in November 2023, the Court permitted Plaintiff to proceed *in forma pauperis*. (ECF Nos. 1, 2, 6.) Currently before the Court is Plaintiff's November 2023 "motion for appointment of counsel." (ECF No. 3.) Plaintiff's motion is based on 28 U.S.C. § 1915(e), *i.e.*, a statutory provision governing *in forma pauperis* proceedings.

**B.   Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an

attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal

and external citations omitted).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

**C.     Analysis**

   **1.     Probable merit of Plaintiff's claims**

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims against Defendants Dalton, Davis, Chapman, and Steece. Due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice. The Court has recently denied the Plaintiff's motion

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

in opposition to Defendant's mediation statement (*see* ECF No. 12), in part because the defendants have yet to be served and/or appear, the discovery period has yet to begin, and there will be ample time for discovery when the case gets to the point where the Court issues a scheduling order, which will include discovery and dispositive motions deadlines, such as deadlines for motions for raising the defense of qualified immunity, seeking dismissal under Fed. R. Civ. P. 12, or seeking exhaustion or non-exhaustion based summary judgment under Fed. R. Civ. P. 56. (*See* May 22, 2024 text-only order.)  Therefore, it is too early to know if this case is going to trial on the merits.  If this case should proceed to trial, the Court can revisit whether to recruit counsel, and it generally does so at that juncture.

2. **Nature of the case and complexity of the issues**

On April 7, 2023, Plaintiff was allegedly subjected to harassment and derogatory reference to his sexual preference. (ECF No. 1, PageID. 3 ¶¶ 11-17). Plaintiff's legal claims are based on alleged: (1) violation of his Eighth Amendment right to be free from deliberate indifference to serious harm or the risk of serious harm;  (2) violation of his First Amendment right to be free from retaliation for submitting written complaints to prison officials;  (3) gross negligence;  (4) invasion of privacy;  and, (5) intentional infliction of emotional distress. (ECF No.1, PageID ¶¶ 18-22).

It is undoubtedly true that counsel would be helpful, but this is not unusual or exceptional for non-lawyer prisoners or other *pro se* litigants. The issues presented in this case are not overly complex, extraordinary, or unusual, as claims under 42 U.S.C. § 1983 for First Amendment and Eighth Amendment violations are common in prisoner or arrestee civil rights litigation, as are his asserted common law torts. *See*, e.g., *Johnson v. Gentry*, No. 2:17-cv-01671-APG-EJY, 2021 U.S. Dist. LEXIS 126207, *4 (D. Nev. July 7, 2021) (determining that the plaintiff's Eighth Amendment excessive force claims, Eighth Amendment deliberate indifference to medical needs and Eighth Amendment conditions of confinement claims were not complex) (collecting cases).

3.     **Indigency and ability of Plaintiff to represent himself**

Plaintiff contends he has no prior history of litigation and depends on the legal assistance of other prisoners. In addition, Plaintiff states he has been diagnosed with, and is receiving treatment for, "major mental illness[,]." Including ADHD, bipolar disorder and "emotionally impaired[.]" (ECF No. 21, PageID.21.) Plaintiff further states that his mental impairments severely reduce his learning capacity and ability to understand litigation. (*See* ECF 3, PageID.22-23.)

Nonetheless, in addition to the instant request (ECF No. 3), the Court has reviewed Plaintiff's other filings, including: (a) his complaint (ECF No. 1); (b) his application to proceed without prepaying fees or costs (ECF No. 2), which the

Court granted (ECF No. 6);  (c) memorandum of law in opposition to defendants' mediation statement, which the Court has stricken (ECF No. 11); and (d) his motion in opposition to Defendant's mediation statement (ECF No. 12), which the Court denied.  The Court finds that Plaintiff has not presented any additional facts which show circumstances that convince the Court to exercise its discretion to appoint counsel.  Plaintiff's filings illustrate his ability to properly, and generally quite clearly, communicate with the Court within the instant action, even in the instant motion.  Thus, Plaintiff does not seem incapable of understanding legal proceedings, nor incapable of adhering to the Court's rules and procedures.  And whatever assistance he may be getting in prison, to which he alludes in his motion (ECF No. 3, PageID.22, 25), seems adequate, and at times relatively impressive.  Moreover, beyond his motion and declaration, he has supplied no medical record to support the severity of the impairments he identifies.

While the Court recognizes the difficulty of pursuing litigation while indigent, incarcerated, and subjected to mental impairment, it is not enough to justify the appointment of counsel here.  Plaintiff's assertions of mental impairments "standing alone, d[o] not warrant appointment of counsel[,]'" particularly where "he has not explained how these conditions would impede his ability to continue this action." *Murray v. Queeno*, No. 17-CV-6279CJS, 2019 WL 1856262, at *2 (W.D.N.Y. Apr. 24, 2019) (the plaintiff's assertion that he was

taking mental health medication and was not receiving therapy for a variety of serious mental health conditions did not require appointment of counsel.) There is no right to counsel in civil cases filed by indigent *pro se* prisoners. *Bennett*, 110 F. App'x at 635 (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). Many people are unable to afford counsel, although some are able to gain the interest of a contingent fee lawyer or even an attorney who is willing to go forward in the hope that attorney's fees will later be rewarded. In any case, and unfortunately, indigency is widespread among the prison population and is certainly not an "exceptional circumstance."

**D.   Order**

Accordingly, Plaintiff's "motion for appointment of counsel" (ECF No. 3) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

IT IS SO ORDERED.[2]

Dated: June 12, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).